IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JERRIC HALL                                                                                                  PLAINTIFF

V.                                          CIVIL NO. 6:13-cv-06118

LIEUTENANT CLARK; and
WARDEN DALE REED                                                                              DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff Jerric Hall pursuant to 42 U.S.C. § 1983. Plaintiff is not currently incarcerated. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Defendant's Motion to Dismiss. ECF No. 14. Plaintiff did not respond. After careful consideration the Court makes the following Report and Recommendation.

**1.   BACKGROUND**

Plaintiff filed his Complaint on October 3, 2013 in the Eastern District of Arkansas. ECF No. 2. The Eastern District properly transferred the case to this Court on October 10, 2013. ECF No. 3. In his Complaint, Plaintiff names Lieutenant Clark and Warden Reed as Defendants. ECF No. 2. Plaintiff indicates he is suing each of the Defendants in both their individual and official capacities.

In his Complaint, Plaintiff alleges that on September 25, 2013 Defendant Clark subjected

1

him to excessive force.  Specifically, while Plaintiff was walking to the "turn out gate" Defendant Clark ordered Plaintiff to get with his squad.  Defendant Clark used profanity in this order.  In response to the order, Plaintiff informed Defendant Clark that he would be speaking with Defendant Clark's supervisor.  Defendant Clark responded with more profanity and then gave Plaintiff a second order to join his squad.  Plaintiff responded by putting his hands in the air and informing the shift commander that he was having a problem with Defendant Clark.  Defendant Clark then grabbed Plaintiff by the neck and threw his head into the door.  Defendant Clark then used "unnecessary force" to place Plaintiff in cuffs.  ECF No. 2, p. 4.

Also in his Complaint, Plaintiff alleges Defendant Reed attempted to blackmail him regarding the incident with Defendant Clark.  Specifically, Plaintiff alleges Defendant Reed told him: "If you don't pursue this complaint, we will drop the displinary and I will let you go home." ECF No. 2, p. 4 (errors in original).

In their Motion to Dismiss, Defendants seek dismissal of Plaintiff's Complaint for failure to state a claim.  Defendants first argue Plaintiff's official capacity claims should be dismissed based on sovereign immunity.  Next, Defendants argue Plaintiff has failed to state a claim upon which relief can be granted against Defendants Reed and Clark in their individual capacity.

2.   APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009)

(quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

**3.    DISCUSSION**

    A.    <u>Official Capacity Claims</u>

Under section 1983, a defendant may be sued in either his individual capacity, or his official capacity, or in both. Plaintiff indicated in his Complaint that he was suing Defendants in both their individual and official capacities. Claims against individuals in their official capacities are equivalent to claims against the entity for which they work. *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir.1998). Therefore, Plaintiff's official capacity claims against Defendants are equivalent to claims against the Arkansas Department of Correction which is an arm of the State of Arkansas.

Plaintiff's claims against the State of Arkansas are subject to dismissal. The claims are barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L. Ed. 2d 209 (1986)). "'This bar exists whether the relief sought is legal or equitable.'" *Id.* (*quoting Papasan*, 478 U.S. at 276). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991)(*citing Quern v. Jordan,*

3

440 U.S. 332, 342, 99 S. Ct. 1139, 1146, 59 L. Ed. 2d 358 (1979)).  Accordingly, all of Plaintiff's official capacity claims should be dismissed.

      B.     <u>Defendant Reed</u>

Plaintiff claims Defendant Reed violated his constitutional rights by "blackmailing" Plaintiff. Specifically, Plaintiff claims Defendant Reed attempted to get Plaintiff to drop his complaint against Defendant Clark for excessive force.  According to Plaintiff, Defendant Reed told Plaintiff: "If you don't pursue this complaint, we will drop the displinary and I will let you go home." ECF No. 2, p. 4 (errors in original).  The Court construes this "blackmail" claim as one for retaliation.

Defendants argue, taking Plaintiff's allegation of blackmail as true, Plaintiff has failed to state Defendant Reed violated his constitutional rights in any way.  Defendants argue Plaintiff has not stated a retaliation claim regarding the alleged blackmail because Plaintiff has failed to show Defendant Reed disciplined Plaintiff as retaliation for Plaintiff exercising his right to file a complaint.  Further, Defendants argue Plaintiff failed to allege he was disciplined at all. Additionally, Defendants argue Plaintiff failed to claim Defendant Reed imposed discipline that would not have otherwise been imposed for Plaintiff's failure to obey Defendant Clark's direct orders.

In general, "[c]onduct that retaliates against the exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different reason." *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir. 2001) (citing *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir. 1990)).  The retaliatory conduct itself need not be a constitutional violation in order to be actionable.  Additionally, there is no independent injury requirement when retaliatory conduct is involved.  *See Dixon v. Brown*, 38 F.3d 379, 380 (8th Cir. 1994).

To prevail on his retaliation claim, Plaintiff must demonstrate: (1) that he engaged in protected activity; (2) that Defendants responded with adverse action that would "'chill a person of ordinary firmness' from continuing in the activity;" and (3) that the adverse action was motivated at least in part by exercise of the protected action. *See L.L. Nelson Enterprise Inc. v. County of St. Louis, Mo.,* 673 F.3d 799, 807-8 (8th Cir. 2012) (quoting *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)). However, "claims of retaliation fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule." *Hartsfield v. Nichols,* 511 F.3d 826, 829 (8th Cir. 2008). A defendant need only show "some evidence" that the inmate actually committed a rule violation to successfully defend against a retaliation claim. *Id.* (citing *Goff v. Burton,* 7 F.3d 734, 738-39 (8th Cir. 1993).

Here, Plaintiff admits he disobeyed two direct orders from Defendant Clark. Further, while Plaintiff quotes Defendant Reed as referring to a diciplinary and releasing Plaintiff, Plaintiff does not allege he was actually disciplined or that his release date was deferred as a result of Plaintiff filling the complaint against Defendant Clark. Further, according to the record Plaintiff was released from the ADC after filing this Complaint. Accordingly, I find Plaintiff failed to allege any adverse action was taken against him, thus, he failed to state a retaliation claim against Defendant Reed.

C.　<u>Defendant Clark</u>

Plaintiff claims Defendant Clark used excessive force against him on September 25, 2013 when Defendant Clark grabbed him by the neck and threw Plaintiff's head into the door. Defendants argue Defendant Clark's actions where in response to Plaintiff defying two direct orders and the amount of force used was not excessive.

Plaintiff was a convicted inmate at the time in issue. "[T]he Eighth Amendment's ban on

5

cruel and unusual punishment applies to excessive-force claims brought by convicted criminals serving their sentences." *Wilson v. Spain*, 209 F.3d 713 (8th Cir.2000) (citing *Whitley v. Albers*, 475 U.S. 312, 318–322 (1986)). "The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by correctional officers regardless of whether an inmate suffers serious injury as a result." *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir.2002) (citations omitted). The Supreme Court has held that when "prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

"Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the 'core judicial inquiry' is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jones v. Shields*, 207 F.3d 491, 495 (8th Cir.2000) (quoting *Hudson*, 503 U.S. at 6–7). To make this determination, the Court is to consider, among other things, the following factors: "the need for the application of physical force; the relationship between the need for physical force and the amount of force applied; and the extent of injury suffered by the inmate." *Jones*, 207 F.3d at 495 (citations omitted).

Recently, the Supreme Court addressed the relative importance of the existence of, and extent of, injury in this analysis. In *Wilkins v. Gaddy* 130 S.Ct. 1175, 1178 (2010), the Court stated "the extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. The extent of injury may also provide some indication of the amount of force applied." *Id*. The Court noted that "injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts." *Id.*

6

I am unconvinced by Defendants' arguments that Plaintiff failed to state an excessive force claim because Plaintiff disobeyed a direct order and did not suffer a significant injury. Plaintiff claims Defendant Clark grabbed him by the neck and threw his head into a door while Plaintiff was standing with his hands raised. Plaintiff claims he suffered a swollen face and "excruciating neck pain." ECF No. 2, p. 4. At this stage, considering the facts in the light most favorable to Plaintiff, I cannot find Plaintiff failed to state a plausible claim of excessive force. Accordingly, Plaintiff's excessive force claim against Defendant Clark in his individual capacity should remain for further consideration.

**4.    CONCLUSION**

Accordingly, I recommend Defendant's Motion to Dismiss (ECF No. 14) be **GRANTED** in part and **DENIED** in part. Specifically, Plaintiff's official capacity claims against Defendants Reed and Clark and Plaintiff's individual capacity claims against Defendant Reed be **DISMISSED** without prejudice. This leaves Plaintiff's individual capacity claim for excessive force against Defendant Clark as the sole remaining claim.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 23rd day of February 2015.**

                                          /s/ Barry A. Bryant
                                          HON. BARRY A. BRYANT
                                          UNITED STATES MAGISTRATE JUDGE