IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JERRIC HALL
(ADC#140595)                                                                                              PLAINTIFF

v.                              Civil No.6:13-cv-06118-SOH-BAB

LT. CLARK
                                                                                                          DEFENDANT

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff Jerric Hall pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with a Court Order and Plaintiff's failure to prosecute this matter. After careful consideration, the Court makes the following Report and Recommendation.

**1.     BACKGROUND**

Plaintiff was released from the custody of the ADC on September 27, 2013. ECF No. 12. Plaintiff filed his Complaint on October 3, 2013. ECF No. 2. The Complaint was originally filed in the Eastern District of Arkansas, but was properly referred to this District. ECF No. 3. On February 26, 2015, Plaintiff was ordered to confirm his address and indicate if he intended to

1

N/A

prosecute this case. The Response was due by March 23, 2105. ECF No. 17. The Order was not returned as undeliverable. Plaintiff did not respond.

On November 3, 2015, Plaintiff was ordered to show cause as to why he had not responded to the March 23, 2015 Order. He was given until November 24, 2015 to respond. The Order was not returned as undeliverable. Plaintiff did not respond.

Plaintiff has not communicated with the Court since he filed his Complaint.

**2.     APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04

(8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**3. DISCUSSION**

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**4. CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 2) be **DISMISSED** with prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules and has failed to prosecute this matter.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 15th day of January, 2015.**

                                              /s/ Barry A. Bryant
                                              HON. BARRY A. BRYANT
                                              UNITED STATES MAGISTRATE JUDGE